**[119]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT VUKOVICH, | : |
| Plaintiff, | : Civil Action No. 03-737 (FLW) |
| v. | : |
| HAIFA, INC. ET AL., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**WOLFSON, United States District Judge**

      Presently before the Court is Plaintiff's Motion for Attorneys' Fees pursuant to N.J.S.A. § 56:8-19, the Consumer Fraud Act (CFA). Plaintiff contends that as the prevailing party, he is entitled to attorneys' fees in the amount $226,765.50. Defendants have not filed any opposition to this motion. The Court has considered the moving papers, there being no opposition thereto, and for the reasons that follow the Court holds that Plaintiff may recover $216, 480.00 in attorneys' fees.

I.      BACKGROUND

The underlying matter stems from a consumer fraud case between Plaintiff, Robert Vukovich, and Defendants, Haifa, Inc. and Haifa New York, Inc. After filing the initial complaint, the parties engaged in lengthy litigation including the filing of three amended complaints, several motions to dismiss and discovery.[1] On June 5, 2006, Plaintiff filed a motion for partial summary judgment on his breach of contract claim against Haifa, the consumer fraud claim against Haifa and Corwin, and on Defendants' counterclaim. On June 6, 2006, Defendants, Haifa and Corwin, filed a motion for summary judgment on Plaintiff's fraud and consumer fraud claims. Thereafter, based upon an alleged inability to pay counsel's fees, Defendants' attorney moved to be relieved as counsel. The Court granted Defendants' motion on February 8, 2007.

Subsequently, the Court denied Plaintiff's motion on the breach of contract claim and the consumer fraud claims; however, the Court granted Plaintiff's motion to dismiss Defendants' counterclaim. In addition, the Court denied Defendants' motion on the fraud and consumer fraud claims but granted Corwin's motion on the fraud and consumer fraud claims against him. The remaining claims were scheduled for trial on April 16, 2007. On that day, the Court entered default judgment against Haifa, Inc. and Haifa New York, Inc. for failure to appear or defend before the Court. In addition, the Court found that Plaintiff had met his burden of proof on the remaining claims and awarded Plaintiff $5,069,138.02 in damages plus prejudgment interest of

---

[1] As the procedural history is well known to the parties, the Court will not repeat it at length in this background section.

$633,425.96. Specifically, the Court awarded $1,857.322.24 on the first count, a total of $4,817,723.67 on the fourth count for consumer fraud, and $1,258,879.64 on the fifth count. However, counts two and three were dismissed. Thereafter, Plaintiff filed the instant motion for attorneys' fees.

## II.     DISCUSSION

Pursuant to the New Jersey Consumer Fraud Act ("NJCFA"), N.J.Stat. Ann. § 56:8-1 et seq.,  a court "shall award reasonable attorneys' fees, filing fees and reasonable cost of suit" in any action under this section including those brought by the Attorney General. N.J. Stat. Ann. § 56:8-19.  The remedial purpose of the CFA is to provide "an incentive for an attorney to take a case and . . . encourage private parties to bring their own action instead of the Attorney General." Silva v. Autos of Amboy, Inc., 267 N.J. Super. 546, 554 (App. Div. 1993)(quoting Skeer v. EMK Motors, Inc., 187 N.J. Super. 465, 472 (App. Div. 1982)); see also Cox v. Sears Roebuck & Co., 138 N.J. 2, 21 (1994)(stating that "[a]lthough one purpose of the [CFA] is clearly remedial in that it seeks to compensate a victim's loss, the act also punishes the wrongdoer by awarding a victim . . . attorneys' fees"). The amount of reasonable attorneys' fees to be awarded in a consumer fraud case is within the sound discretion of the trial court. Branigan v. Level on the Level, Inc., 326 N.J. Super. 24, 31 (App. Div. 1999).  In determining the amount of attorneys' fees to award, a court must look at the level of success achieved in the litigation. Id. Appropriate attorneys' fees under the CFA may be allowed without regard

to the amount involved in the underlying dispute.  Wisser v. Kaufman Carpet Co., Inc., 188 N.J. Super. 574, 579 (App. Div. 1983); see also N.J.S.A. 56 8-1.

When presented with issues arising under the CFA, federal courts have looked to federal cases providing for attorneys' fees pursuant to the Civil Rights Act, 42 U.S.C.A. § 1988.  Silva v. Autos of Amboy, Inc.  267 N.J. Super. at 555.  The New Jersey Supreme Court has noted that both § 1988 and the New Jersey Consumer Fraud Act "serve the dual purpose of attracting competent counsel and ensuring justice for all citizens."  Id.  "The fundamental remedial purpose of the Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship." Cox v. Sears Roebuck & Co., 138 N.J. 2, 17-21.  Pursuant to § 1988, the Court in its discretion may award the prevailing party reasonable attorney's fees and costs incurred in litigating a claim under § 1983. 42 U.S.C. § 1988; Tresdell v. PHA, 290 F.3d 159, 163 (3d Cir. 2002).  The prevailing attorney seeking compensation bears the initial burden of showing the reasonableness of the requested fees by "producing satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum v. Stenson, 465 U.S. 886, 896 (1984).  Once the prevailing attorney satisfies this burden, the opposing party may "challenge, by affidavit or brief with sufficient specificity to give the fee applicant notice, the reasonableness of the requested fee." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

1. Prevailing Parties

A prerequisite to an award of attorneys' fees under is that the party seeking fees must have been "prevailing." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Courts have broadly defined "prevailing party" for purposes of triggering the application of a fee shifting statute. Public Interest Research Group of N.J. Inc., v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). Generally, a plaintiff may be considered a prevailing party for the purpose of receiving attorneys' fees if he succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Metropolitan Pittsburgh Crusade for Voters v. City of Pittsburgh, 964 F.2d 244, 250 (3d Cir. 1992) ("The test . . . to determine prevailing party status is whether plaintiff achieved some of the benefit sought by the party bringing suit.") (citation omitted). Thus, a party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award. J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002). Indeed, the degree of the party's success goes to the amount of the ultimate award, not to the availability of an award. Id.

In the instant matter, Plaintiff prevailed on three of the five claims presented to this Court. Thus, although Plaintiff did not succeed on all of his claims, he prevailed on a majority of these claims, but most importantly he prevailed on the CFA claim. He is therefore, the prevailing party for the purpose of triggering the fee shifting statute and receiving an award of attorneys' fees.

2. Reasonable Fees

After determining that a plaintiff is a prevailing party eligible to recover attorneys' fees, a court must determine what fee is reasonable. Hensley, 461 U.S. at 433. Reasonable attorneys' fees are comprised of the applicable hourly rate for the legal services and the product of the hours reasonably expended; this amount is known as the lodestar. See id. A reasonable hourly rate is the prevailing market rate for the essential character and complexity of the legal services rendered. Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 131 (3d Cir. 1999); Planned Parenthood of Cent. N.J. v. The Attorney General of the State of N.J., 297 F.3d 253, 265 n.5 (3d Cir. 2002). "A district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record." Coleman v. Kaye, 87 F.3d 1491, 1510 (3d Cir. 1996); see also Smith v. Philadelphia Housing Auth., 107 F.3d 223, 225 (3d Cir. 2001). Once the reasonable hourly rate has been determined, the Court, in its discretion, calculates the fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley, 461 U.S. at 433; Planned Parenthood, 297 F.3d at 265 n.5. A fee petition must be specific enough for a court "to determine if the hours claimed are unreasonable for the work performed." Planned Parenthood, 297 F.3d at 270 n.6. The court must exclude any hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

A. Hourly Rate

The first step in the lodestar calculation is to determine a reasonable hourly rate. Although the Third Circuit has held that "the starting point in determining a reasonable hourly rate is an attorney's usual billing rate," that amount is not dispositive." Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995). In Blum v. Stenson, the Supreme Court explained that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel. 465 U.S. 886, 893 (1984). Thus, determination of the market rate first requires determination of the relevant market. Windall, 51 F.3d at 1186; see also Wash. v. Phila. County Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) ("[A] reasonable hourly rate is calculated according to the prevailing market rates in the community.") Courts "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Here, Plaintiff contends that three attorneys and two paralegals worked on this matter, each with an individual hourly rate. Specifically, Plaintiff's lead counsel, Sean E. Regan, Esq., seeks attorneys' fees in amount of $320 per hour.[2] In support of this amount, Mr. Regan provides an affidavit certifying that this rate is reasonable in light of

---

[2] Mr. Regan notes in the affidavit that his hourly rate has increased over the course of this particular matter; this is also noted in the itemized list of hours billed. (Regan Aff. 5).

his litigation experience and the prevailing rates that attorneys charge in Central New Jersey. (Regan Aff. ¶5). Mr. Regan also attests that the billable rate of his associates, Louis D. Tambaro, Esq. and Jayne M Wessler, Esq., at $185 and $220 respectively, are normal and customary based on their experience in this geographic location. Id. In addition, Mr. Regan certifies that the $125 hourly billable rate of his paralegal, Sean Clark, is reasonable and customary for Middlesex and Monmouth Counties. (Regan Aff. ¶6). Further, Mr. Regan certifies that the billable hourly rate of two former paralegals, Christine M. Boss and Paula A. Connors is $80.00. Id. Because the instant motion for Attorney's Fees is unopposed, and based on this Court's experience, I find that the rates set forth in Mr. Regan's Affidavit are reasonable and the Court will use these rates for purposes of determining the attorney fee award.

B. Hours Reasonably Expended

Once a reasonable hourly rate has been determined, the next step in the lodestar calculation is to determine the time reasonably expended in conducting the litigation. Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. Attorneys seeking fees must document the hours for which payment is sought "with sufficient specificity to allow the district court to determine whether the hours claimed are unreasonable for the work performed." Evans v. Port Authority, 273 F.3d 346, 361 (3d Cir. 2001) (citations omitted). Compensable activities include background research, reading complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the

favorable judgment, and even preparing and litigating the request for attorneys' fees. Posa v. City of E. Orange, 2005 WL 2205786 at *4 (D.N.J. 2005). However, hours that would not generally be billed to one's own client are not properly billed to an adversary. Hensley, 461 U.S. at 433-34. Moreover, the Third Circuit mandates that a district court conduct more than a cursory review of the billing records, and must "go line, by line" through the billing records supporting the fee request. Evans, 273 F.3d at 362-63; Maldonado v. Houston, 256 F.3d 181, 184 (3d Cir. 2001). Thus, a district court is required to review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. In other words, courts have a "positive and affirmative function in the fee fixing process, not merely a passive role." Maldonado v. Houston, 256 F.3d at 184.

The Third Circuit has held that courts may consider various factors in adjusting an award of attorneys' fees including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of alternative employment; (5) the customary fee for similar work; (6) the nature of the fee payment arrangement; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) fee awards in similar cases. Public Interest Research Group of N.J. v. Windall, 51 F.3d 1179, 1186 n.8 (3d Cir. 1995). Of these, the most important factor in a court's decision to adjust attorney's fees is the

"result obtained" by the plaintiff.  Id.  Courts have taken many approaches when adjusting attorneys' fees for lack of success.  See, e.g., Wash. v. Phila. County Ct. of Common Pleas, 89 F.3d 1031, 1043 (3d Cir. 1996) (holding that a reduction of attorneys' fees by fifty percent was appropriate where plaintiff requested $750,000.00 in damages and was awarded $25,000.00 by the jury); Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 551 (E.D.Pa. 2003) (reducing the fee award by 75% where plaintiff sought $300,000 in damages but was awarded the nominal amount of $1,000); Hall v. Am. Honda Motor Co., 1997 WL 732458 at *4 (E.D.Pa. Nov. 24, 1997) (reducing award by ten percent where plaintiff sought damages in excess of $50,000.00 and received final judgment of $4,000.00).

      In the instant case, Plaintiff initially requested fees for 1,434.4 billable hours spent on a variety of litigation activities and  Plaintiff's initial fee request amounted to $291,355.50.  (Regan Exhibit B at 1).  Thereafter, at the direction of this Court, Plaintiff revised the fee request and removed certain fees and costs related to pre-suit investigative services and other fees not related to the lawsuit.  As a result of this further reduction, Plaintiff sought a total award of $226,765.50.   As noted above, Plaintiff's request for attorney's fees is unopposed.   Despite the lack of an adversary, however, this Court must review the attorney's fee award sought to determine the reasonableness of these fees. Thus, as set forth in more detail below, despite Plaintiff's request for $226,765.50 in attorneys' fees, the Court finds that an award of $216,480.00 is reasonable in this case.

      To begin, the Court notes that Plaintiff did not succeed on all his claims in the underlying suit.  Indeed, Plaintiff only prevailed on three of five claims set forth in the

Complaint. Because the Third Circuit has directed that this is one of the most important factors in determining an award of attorney's fees, the Court finds that a reduction in the award is appropriate.

Moreover, in determining the extent and appropriateness of the award, the Court noted the substantial reductions that Plaintiff made to his own request for attorney's fees. For example, the Court noticed that in selecting items to remove from the petition, Plaintiff appeared to consider a list of items of like description, and, without any explanation, remove some items from the petition and, inexplicably, leave some items remaining on the petition. Specifically, the majority of line items pertaining to El Design, who was dismissed from this case, were voluntarily removed by Plaintiff. (Regan Aff. Ex. B at 3-4, 8, 10, 12). However, several items pertaining to this Defendant remained on the attorney fee request without any explanation. Thus, based on Plaintiff's own reductions and because Plaintiff has not provided any explanation as to why Haifa should bear some or any costs pertaining to El Design, the Court has removed the remaining line items pertaining to El Design. As a result, the Court will reduce the award by $5,097.50.

Similarly, Plaintiff removed the majority, but not all, of the entries described as "preparation of amended complaints." However, Plaintiff did not provide any explanation for the remaining items. Moreover, the Court notes that the amended complaints in this matter added defendants and claims unrelated to Plaintiff's claims against Haifa. Thus, in the absence of any further explanation why Haifa should pay legal fees unrelated to claims against it, and in the absence of explanation for why some, but

not all, entries labeled "preparation of amended complaint" remained on the fee request, the Court will remove the remaining entries described as "preparation of amended complaint." In total, these reductions further reduce the award by $4,950.

Finally, the Court paid close attention to line items with inadequate descriptions. For instance, items labeled "phone conference with other" or "letter to other" were removed because the Court had no way to determine if these entries were related to this matter or these Defendants. Indeed, these items were considered too vague and lacked any further clarification and therefore were removed from the fee request. Thus, the Court will reduce the award by $237.00.

- In sum, the Court reduced Plaintiff's fee request by $10,284.50. Thus, the Court will grant Plaintiff an attorney's fee award of $216,480.00

## III.  CONCLUSION

For the reasons discussed above, Plaintiff's application for attorneys' fees is granted and Plaintiff may recover $216,480.00 in attorneys' fees. An appropriate order will follow.

Date: September 5, 2007                 /s/ Freda L. Wolfson
                                                                  The Honorable Freda L. Wolfson
                                                                  United States District Judge